```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

LUIS CENTENO,                    )
          Plaintiff,             )
                                 )
     v.                          )  C.A. No. 04-11381-MLW
                                 )
OFFICER NELSON POTTER,           )
          Defendant.             )
```

## MEMORANDUM AND ORDER

For the reasons stated below, plaintiff shall pay the $150.00 filing fee for this action or submit an application to proceed without prepayment of fees with certified prison account statement.

## BACKGROUND

On June 10, 2004, Luis Centeno, an inmate at the Essex County Correctional Facility, filed an "affidavit" in this court describing events surrounding his July 2001 arrest in Lawrence, Massachusetts. Centeno claims that he was beaten by a Lawrence police officer, and attaches several state court forms to his affidavit. He also states that he filed an action in Lawrence Superior Court which was dismissed for "procedural mistakes" in March 2004, and that he has appealed the dismissal. Centano did not pay the $150.00 filing fee for this action and did not seek a waiver of it.

ANALYSIS

I.  Plaintiff Must Either Pay the Filing
    Fee or Submit a Fee Waiver Application
    with a Certified Prison Account Statement

A prisoner filing a complaint in this Court must either (1) pay the $150.00 filing fee or (2) file an application to proceed in forma pauperis with a certified prison account statement. See 28 U.S.C. § 1914(a) ($150.00 filing fee); § 1915 (proceedings in forma pauperis). For the convenience of litigants, this Court provides a standardized form titled "Application to Proceed Without Prepayment of Fees and Affidavit" for such applications.

Because plaintiff has not submitted the filing fee or an application for waiver of prepayment of the filing fee with a certified prison account statement, he shall be granted additional time to do so. See 28 U.S.C. § 1915(a)(1). If plaintiff fails to timely pay the filing fee or to submit an application with a certified prison account statement, this action will be dismissed without prejudice.[1]

---

[1] Because plaintiff currently is incarcerated, he is informed that the submission of an application to proceed without prepayment of fees does not relieve him from his obligation to pay the full amount of the filing fee; it simply allows him to proceed without pre-payment of the entire filing fee up-front. 28 U.S.C. § 1915(b)(1), (2). If plaintiff submits a certified copy of his prison account statement, the Court will direct the appropriate prison official to withhold from plaintiff's prison account and pay to the Court an initial payment towards the $150.00 filing fee. The appropriate prison official will also be directed to collect

II.  <u>The Complaint Is Subject To Screening</u>

Because plaintiff is a prisoner, he is advised that he is subject to the provisions of the Prison Litigation Reform Act. The Prison Litigation Reform Act of 1995 ("PLRA"), Title VIII of Pub.L. 104-134, 110 Stat. 1321-1375 (1996), enacted several provisions which grant this Court the authority to screen and dismiss prisoner complaints.  <u>See</u> 28 U.S.C. § 1915 (proceedings <u>in forma pauperis</u>); 28 U.S.C. § 1915A (screening of suits against governmental officers and entities).

Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. 1915(e)(2).  <u>In forma pauperis</u> complaints may be dismissed <u>sua sponte</u> and without notice under Section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless.  <u>Id.</u>; <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992).

Section 1915A authorizes the Court to review prisoner

---

monthly payments from plaintiff's prison account on a
continuing basis until such time as the $150.00 statutory
filing fee is paid in full.  <u>Id.</u>

complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if it lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A. Thus, if plaintiff pays the filing fee or submits an application to proceed without prepayment of fees, the Court will screen the complaint on the merits pursuant to its authority under these provisions.

## CONCLUSION

ACCORDINGLY, plaintiff shall pay the $150.00 filing fee for this action or submit an application to proceed without prepayment of fees with a certified prison account statement within forty-two (42) days from the date of this Memorandum and Order, or this action will be dismissed without prejudice.

The Clerk is directed to send plaintiff (1) an application to proceed without prepayment of fees and affidavit; and (2) a copy of "Step by Step: A Simple Guide to Filing a Civil Action" with this Memorandum and Order.

SO ORDERED.

Dated at Boston, Massachusetts, this 21st day of August, 2004.

                              s/ Mark L. Wolf
                              MARK L. WOLF
                              UNITED STATES DISTRICT JUDGE