UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 MAR 23 P 12: 11

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| LUIS A. CENTENO, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>NELSON POTTER, )<br>Defendant. ) | C.A. No. 04-11381-MLW |

## DEFENDANT NELSON POTTER'S MOTION FOR PERMISSION FOR LATE FILING OF MOTION TO DISMISS

Now comes the Defendant, Nelson Potter, and hereby moves this Honorable Court for permission to file late the attached Motion To Dismiss. As grounds for this motion, Officer Potter asserts as follows:

1.  On February 23, 2005, Officer Potter was served with a double-sided handwritten document, a summons and other documents which he did not recognize. True and accurate copies of the documents Officer Potter received are attached to the Defendant's Motion To Dismiss as Exhibit A.

2.  While the summons stated that he was required to serve upon Plaintiff "an answer to the complaint served herewith," Officer Potter did not recognize any of the documents he received as a complaint. Unsure as to what he should do, Officer Potter sent the documents to his union, the Lawrence Patrolman's Association, for review.

3.  Following his receipt of the documents, Officer Andrews sent the documents to the undersigned Union counsel's law firm.

4.  Since Officer Potter is an employee of the City of Lawrence and since the City arguably had an obligation to provide representation to Officer Potter in this matter, a letter was sent by Union counsel to the City inquiring as to whether or not the City would be representing Officer Potter or if it wished to have Union counsel do so.

5.  After receiving confirmation and approval from the City for the undersigned law firm to represent Officer Potter in this matter, the undersigned filed his Notice Of Appearance and drafted the attached Motion To Dismiss.

6.  Due to the circuitous route by which the undersigned counsel ultimately became counsel of record, he was unable to file the accompanying Motion To Dismiss within the time period allotted under the Rules of Civil Procedure and respectfully requests that he be permitted to file said Motion at this time.

7.  The allowance of the instant Motion will not prejudice Plaintiff in any way and will not substantially delay the disposition of this matter.

Respectfully submitted,<br>
For the Defendant,<br>
**Nelson Potter,**<br>
By his attorney,

_____
Brian M. Maser (BBO# 655667)
Dwyer, Duddy and Facklam
Attorneys At Law, P.C.
One Center Plaza, Suite 360
Boston, MA 02108
(617) 723-9777

Dated: March 22, 2005
f:\lpa\potter0311381mlw\pldgs\mot.late.mtd.doc

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Pursuant to Local Rule 7.1 counsel for the Defendant, Nelson Potter, hereby certifies that he attempted to confer with the plaintiff, Luis Centeno, to resolve the issues in the Motion To Dismiss but was unable to establish contact given his incarceration.

Date: 3.22.05

_____
Brian M. Maser

### CERTIFICATE OF SERVICE

I, Brian M. Maser, Esquire, hereby certify that I have served a true and accurate copy of the foregoing document upon the Plaintiff, Luis A. Centeno, #484630, MCI-Concord, P.O. Box 9106, Concord, Massachusetts, 01742-9106, this 22nd day of March, 2005.

_____
Brian M. Maser