UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LUIS A. CENTENO,<br>     **Plaintiff,**<br><br>v.<br><br>NELSON POTTER,<br>     **Defendant.** | )<br>)<br>)<br>)<br>) C.A. No. 04-11381-MLW<br>)<br>)<br>) |

FILED
ERKS OFFICE
2005 MAR 30 P 12: 25
U.S. DISTRICT COURT
DISTRICT OF MASS

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR HABEAS CORPUS AND MOTION FOR ENTRY OF JUDGMENT BY DEFAULT

The Defendant, Nelson Potter, (hereinafter, "the Defendant") hereby oppose the Plaintiff's Motion for Habeas Corpus and Motion For Entry Of Judgment By Default. This opposition is based on the Plaintiff's failure to submit information necessary for the Court to make an informed ruling on his Motion for Habeas Corpus and for the Plaintiff's failure to follow the procedures under the Federal Rules of Civil Procedure 55 and the Court's Standing Order Regarding Motions For Default Judgment.

The grant of a writ of habeas corpus is left to the court's sound discretion. See Catala-Fonfrias v. Izquierdo-Mora et al., 741 F.Supp. 30, 31 (D.P.R. 1990). See also Jerry v. Francisco, 632 F.2d 252 (3rd Cir. 1980); Ballard v. Spradley, 557 F.2d 476 (5th Cir. 1977); Holt v. Pitts, 619 F.2d 558 (6th Cir. 1980); Stone v. Morris, 546 F.2d 730 (7th Cir. 1976); United States v. Goldenstein, 456 F.2d 1006 (8th Cir. 1972). Even a plaintiff does not have a constitutional right to be present at his own civil rights action. Catala-Fonfrias, 741 F.Supp. at 31; citing Stone v. Morris, 546 F.2d at 737.

Among the factors that may be considered by a court in ruling on a request for a writ of habeas corpus are the necessity of the prisoner's testimony (see, e.g., Jerry v. Francisco, supra); the security risks presented by the prisoner's presence (see, e.g., Stone v. Morris, supra); the expense of the prisoner's transportation and safekeeping (see, e.g., id.); the possibility of escape (see, e.g., Silver v. Dunbar, 264 F.Supp. 177 (S.D. Cal. 1967)); and the credence likely to be given to the prisoner's

testimony, in view of his criminal convictions (see, e.g., Gilmore v. United States, 129 F.2d 199 (10th Cir. 1942), cert. den. 317 U.S. 631 and F.R.E. 609).

Here, the Court has been presented with no information that would permit it to make an informed ruling on the Plaintiff's Motion For Habeas Corpus and must therefore be denied.

It appears from the Plaintiff's Motion For Habeas Corpus that the Motion is being made to secure his presence at the proceeding of the Plaintiff's Motion For Judgment By Default "sent" by the Plaintiff on March 15, 2005. The Defendant hereby moves the Court to deny the Plaintiff's Motion For Judgment By Default for the Plaintiff's failure to follow the requirements for the Motion's submission pursuant to the Federal Rules of Civil Procedure (hereinafter, "the Rules") and the Court's Standing Order Regarding Motions For Default Judgment (hereinafter, "the Order").

Under the Rules, the party requesting the entry of Default against a party who fails to plead or otherwise defend the action as provided by the Rules must first move the court for the entry of Default. See Fed.R.Civ.P. 55(a). In reviewing the papers submitted by the Plaintiff in a light most favorable to him, it appears from the submissions before the Court that this procedural requirement was not followed. The Plaintiff's motion must therefore be denied.

The Court's Order advises a party of the requirements of Rule 55 where a Motion For Entry Of Default Judgment is anticipated. The Order requires the party moving for the Entry Of Default Judgment to submit an affidavit which conforms to Fed.R.Civ.P. 55 and also submit an appropriate form of Default Judgment. The moving party has fourteen (14) days from the filing of the Motion to comply with the Court's Order. Where the Motion For Entry Of Default Judgment fails to comply with the requirements of Fed.R.Civ.P. 55 at the conclusion of the fourteen (14) day period, the Motion will be denied with prejudice to any renewal of such Motion within six (6) months of the denial.

The Plaintiff's Motion For Judgment By Default neither conforms to the Rules nor the Court's Order and must therefore be denied. The Plaintiff did not include an affidavit which

Case 1:04-cv-11381-MLW   Document 35   Filed 03/30/2005   Page 3 of 3

complies with Rule 55 nor attaches the appropriate form of judgment. The Plaintiff's Motion, in addition, was not served on the Defendant pursuant to the Rules and must therefore be denied. The Defendant also relies upon his Motion For Permission For Late Filing Of Motion To Dismiss filed before the Court on March 24, 2005, as a basis for denying the Plaintiff's Motion For Entry Of Judgment By Default.

WHEREFORE, the Defendant respectfully requests that the Court deny the Plaintiff's Motion For Habeas Corpus and Motion For Entry Of Judgment By Default.

Respectfully submitted,
For the Defendant,
**Nelson Potter,**
By his attorney,

Brian M. Maser (BBO# 655667)
Dwyer, Duddy and Facklam
Attorneys At Law, P.C.
One Center Plaza, Suite 360
Boston, MA 02108
(617) 723-9777

Dated: March 29, 2005
f:\lpa\potter0311381mlw\pldgs\mot.opp.hc.writ.doc

### CERTIFICATE OF SERVICE

I, Brian M. Maser, Esquire, hereby certify that I have served a true and accurate copy of the foregoing document upon the Plaintiff, Luis A. Centeno, #484630, MCI-Concord, P.O. Box 9106, Concord, Massachusetts, 01742-9106, this 29th day of March, 2005.

Brian M. Maser