UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUIS A. CENTENO,<br>      Plaintiff,<br><br>v.<br><br>NELSON POTTER,<br>      Defendant. | C.A. No. 04-11381-MLW |

### DEFENDANT NELSON POTTER'S MOTION TO DISMISS

Now comes the Defendant, Police Officer Nelson Potter, and moves this Honorable Court, pursuant to Federal Rules of Civil Procedure 12(b)(5) and 28 U.S.C. § 1738, to dismiss Plaintiff's complaint in this matter.

      A.    Insufficiency Of Service Of Process

1.    On February 23, 2005, Officer Potter was given an envelope that contained a copy of a double-sided handwritten document, a summons, a civil action cover sheet, and a tracking order. The double-sided handwritten document appears to be a civil complaint and was date stamped received and filed by the Clerk's Office at the United States District Court for the District of Massachusetts on June 10, 2004, at 11:26 a.m.

2.    Officer Potter was served with the complaint and summons on February 23, 2005, a period of two hundred and fifty-eight (258) days after the filing of the complaint in District Court.

3.    Fed.R.Civ.P. 4(m) states in relevant part:

> "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

4.    In the absence of sufficient service of process, Officer Potter respectfully requests that the Court dismiss the plaintiff's complaint against him.

B.     28 U.S.C. § 1738

5.  28 U.S.C. § 1738, the "Full Faith and Credit Clause," states in relevant part:

> "The Acts of the legislature of any State, Territory, or Possession of the United States, or copies thereof, shall be authenticated by affixing the seal of such State, Territory or Possession thereto.
>
> The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.
>
> Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."

6.  In June 2002, the plaintiff filed suit in Essex County Superior Court against the Defendant and the Lawrence Police Department alleging that he sustained personal injury during an arrest that occurred on August 26, 2001. The factual allegations of the plaintiff's cause of action in state court are on all fours with the facts as presently alleged. The plaintiff's state cause of action was assigned Civil Action No. 02-01234-C (See Exhibit "A").

7.  On January 15, 2003, the plaintiff's complaint was dismissed by the court (See Exhibit "B").

8.  On March 10, 2003, the plaintiff filed a Motion To Reinstate Civil Complaint And Remove Dismissal which the court treated as a Motion To Vacate Dismissal (See Exhibit "C").

9.  On April 17, 2003, the plaintiff was instructed to file a motion to vacate the dismissal and serve the defendants via certified mail (See Exhibit "D").

9.  A hearing on the plaintiff's motion was heard on December 17, 2003. As the plaintiff was incarcerated, he was not brought to court. The hearing was rescheduled and the plaintiff was brought to court for the hearing (See Exhibit "E").

2

10.  The court scheduled the hearing for March 9, 2004 (See Exhibit "F").

11.  After hearing on March 9, 2004, the plaintiff's motion to vacate, which the court treated as a motion for relief from judgment, was denied (See Exhibit "G").

10.  Due process does not give parties the right to litigate the same question twice. Wayside Transportation Co. v. Marcell's Motor Express, Inc., 284 F.2d 868, 871 (1st Cir. 1960); See Chicago Life Insurance Company v. Cherry, 244 U.S. 25, 37 S.Ct. 492, 61 L.Ed. 966 (1917). The constitutional and statutory provisions requiring full faith and credit articulate and implement the public policy that there be an end to litigation; that those who have contested an issue shall be bound by the result of the contest; and that matters once tried shall be considered forever settled as between the parties. See Id.; Baldwin v. Iowa State Traveling Men's Association, 283 U.S. 522, 525, 51 S.Ct. 517, 518, 75 L.Ed. 1244 (1931).

11.  The plaintiff was given the full and fair opportunity to present his claim in state court in the first instance and having had his case dismissed in that venue subsequently filed the instant action. The Full Faith and Credit Clause was intended to prohibit parties from engaging in such forum shopping and subsequent to a dismissal in another venue.

WHEREFORE, the Defendant, Nelson Potter, respectfully requests that the Court dismiss the Plaintiff's Complaint.

Respectfully submitted,
For the Defendant,
**Nelson Potter,**
By his attorney,

*/s/ B. M. M.*
Brian M. Maser (BBO# 655667)
Dwyer, Duddy and Facklam
Attorneys At Law, P.C.
One Center Plaza, Suite 360
Boston, MA 02108
(617) 723-9777

Dated: March 22, 2005
f:\lpa\potter0311381mlw\pldgs\mtd.doc

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Pursuant to Local Rule 7.1 counsel for the Defendant, Nelson Potter, hereby certifies that he attempted to confer with the plaintiff, Luis Centeno, to resolve the issues in the Motion To Dismiss but was unable to establish contact given his incarceration.

Date: 3-22-05

Brian M. Maser

## CERTIFICATE OF SERVICE

I, Brian M. Maser, Esquire, hereby certify that I have served a true and accurate copy of the foregoing document upon the Plaintiff, Luis A. Centeno, #484630, MCI-Concord, P.O. Box 9106, Concord, Massachusetts, 01742-9106, this 22nd day of March, 2005.

Brian M. Maser

4