UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



LUIS A. CENTENO,
                Plaintiff,)
vs.                        )
                           )
Nelson Potter,             )
                Defendant.)
_____)

### PLAINTIFF, LUIS A. CENTENO'S OPPOSITION TO DEFENDANT, NELSON POTTERS MOTION TO DISMISS

The plaintiff, Luis A. Centeno, (hereinafter "plaintiff Centeno"), a incarcerated, pro se, litigant, proceeding in forma pauperis, hereby submit his Opposition to the defendant Nelson Potter's (hereinafter "defendant Potter"), motion to dismiss pursuant to Rule 12(b)(5), of the Federal Rules of Civil Procedure, for failure to effect proper service of summons, and the plaintiff Centeno's request for the Court to QUASH service and retain the case and re-issue summons and USM-285 forms for service by United States Marshals Service.

The plaintiff Centeno, in the alternative requests that this Honorable Court QUASH service retain the case and re-issue service pursuant to Rule 4(m), of the Federal Rules of Civil Procedure.

I.  **INTRODUCTION**

This is a civil action in which the plaintiff, Luis A. Centeno, an incarcerated pro se litigant proceeding in forma pauperis alleges that the named defendant, Nelson Potter, violated his civil rights pursuant to 42 U.S.C. 1983, and rights secured by the Massachusetts Declaration of Rights.  Specifically, the plaintiff Centeno, alleges that his Fourth Amendment rights were violated when the individual defendant Potter, arrested him on July 26, 2001.

II.  **PROCEDURAL HISTORY**

The plaintiff Centeno, submitted his Complaint and Application to Proceed In Forma Pauperis to the Court on June 10, 2004. (Docket 1).

The Court GRANTED the plaintiff Centeno's, appliaction to proceed in forma pauperis and "stamped" the complaint as filed on December 2, 2004.  (Docket 15).

The Court issued the Summons and USM-285 Form to the plaintiff Centeno, for service upon the defendant Potter, by the United States Marshals Service on December 2, 2004. (Docket 17).

The Court re-issued Summons and USM-285 Form to the plaintiff Centeno, for service by the United States Marshals Service on February 15, 2005. (Docket 22).

The United States Marshals Service effected proper service upon the defendant Potter on February 23, 2005. (Docket 24).

Rule 4(m), of the Federal Rules of Civil procedure states in pertenent part:

> "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant **or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for failure, the court shall extend the time for an appropriate period**"

Because the statute of limitations is ordinarily tolled during the pendency of a motion for leave to proceed **in forma pauperis**, the Rule 4(m) 120-day period for service **will not begin to run** until the complaint is stamped "filed" (either when the informa pauperis motion to granted without a fee or the filing fee is actually paid). See: Scary vs. Philadelphia Gas Works, 202 F.R.D. 148 (E.D.Pa.2001).

As such under Rule 4(m), of the Federal Rules of Civil Procedure the 120 day tolling period did not begin to run until the plaintiff Centeno's Application to Proceed In Forma Pauperis was granted by this Honorable Court on December 2, 2004.  See: (Docket 15).

Service of the summons and complaint upon the defendant Potter, by the United states Marshals Service on February 23, 2005 is proper and well within the 120 days provided by Rule 4(m), of the Federal Rules of Civil Procedure.

Plaintiff Centeno, in the alternative in the unlikely event that this Honorable Court deem that service upon the defendant Potter to be ineffective, requests that the Court QUASH service retain the case and order reissuance of summons and USM-285 Forms for service by the United states Marshals Service.  See: Boateng vs. Inter American Univ. Of P.R, 188 F.R.D. 26, 27 (D.P.R. 1999)(holding that Rules offer trial court option of quashing deficient service), R. Griggs Group Ltd. vs. Filanto Spa, 920 F.Supp. 1100, 1102 (D.Nev. 1996)(noting that federal courts possess the authority to quash inproper service of process, rather than dismissing the complaint, even though the rules technically do not provide for a "Motion to Quash").

Luis A. Centeno
M.C.I. Shirley (Medium)
Harvard Road
P.O. Box 1218
Shirley, Massachusetts 01464

April 14, 2005

Kathleen Boyce
Docket Clerk-MLW
United States District Court
District of Massachusetts
1 Courthouse Way, Suite #5110
Boston, Massachusetts 02210

RE: <u>CENTENO vs. POTTER</u>
United States District Court
No:#04-cv-11381-MLW

Dear Ms. Boyce:

Enclosed please find for filing the following:

1. PLAINTIFF, LUIS A. CENTENO'S OPPOSITION TO DEFENDANT, NELSON POTTER'S MOTION TO DISMISS

2. CERTIFICATE OF SERVICE

Thank you for your attention to this matter.

Sincerely,

Luis A. Centeno, pro se

LAC/afc
Enclosure:
  c.c.: Brian M. Maser, Esq.
        File