UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUIS A. CENTENO,<br>      Plaintiff,<br><br>v.<br><br>NELSON POTTER,<br>      Defendant. | )<br>)<br>)<br>)   C.A. No. 04-11381-MLW<br>)<br>)<br>)<br>) |

### DEFENDANT, NELSON POTTER'S MOTION TO STRIKE PLAINTIFF, LUIS A. CENTENO'S OPPOSITION TO DEFENDANT NELSON POTTER'S MOTION TO DISMISS

#### I.   Statement Of The Case

On February 23, 2005, Officer Potter was given an envelope that contained a copy of a double-sided handwritten document, a summons, a civil action cover sheet, and a tracking order. The double-sided handwritten document appeared to be a civil complaint and was date stamped received and filed by the Clerk's Office at the United States District Court for the District of Massachusetts on June 10, 2004, at 11:26 a.m. Officer Potter, however, was not served with the complaint and summons until February 23, 2005, a period of two hundred and fifty-eight (258) days after the filing of the complaint in District Court. On March 22, 2005, Officer Potter filed with the Court a Motion To Dismiss for insufficiency of service of process and pursuant to the Full Faith and Credit Clause. See 28 U.S.C. § 1738. On or after April 12, 2005, the Plaintiff filed with the Court a Motion to enlarge the time for filing an opposition to Officer Potter's Motion To Dismiss. On or after April 14, 2005, the Plaintiff's Opposition was filed with the Court.

#### II.   Argument

#### The Plaintiff's Request For An Enlargement Of Time For Filing Of His Opposition Is Time Barred And So Too Is The Plaintiff's Opposition

Local Rule 7.1(B)(1) states in relevant part:

> "A party who opposes a motion shall file an opposition to the motion within fourteen (14) days after service of the motion. The fourteen (14) day period is intended to <u>include</u> the period specified by

the civil rules for mailing time and provide for a uniform period regardless of the use of the mails" (emphasis supplied).

Here, Officer Potter transmitted his Motion To Dismiss together with a motion requesting that he be allowed to file the motion through the US mails to the Court on March 22, 2005. A review of the on-line docket in this case shows that the Court filed the Defendant's motion to file the Motion To Dismiss on March 23, 2005. The Plaintiff, however, did not file a responsive pleading to Officer Potter's motion in the form of a request for an enlargement of time to file an opposition until on or after April 12, 2005, twenty-one (21) days after Officer Potter mailed to the Court and the Plaintiff his Motion To Dismiss.

The Plaintiff had ample time from receipt of Officer Potter's Motion To Dismiss to generate a responsive pleading but failed to file the document in a timely fashion. Indeed, he was not transferred from MCI-Concord until March 31, 2005, and he could have employed the use of the law library at MCI-Shirley upon his arrival there. The Plaintiff, furthermore, failed to provide a sworn affidavit attesting to the reasons preferred in his Opposition to Officer Potter's Motion To Dismiss for the untimely filing and the Court should therefore not consider the stated reasons contained in his opposition.

It is clear from the on-line docket that the Plaintiff's "complaint" was filed and accepted by the Court on June 10, 2004. The Plaintiff's conduct showed that he believed the same as the Plaintiff proceeded to move to obtain documents and make motion to amend the complaint previously filed with the court. As the complaint was stamped "filed" on June 10, 2004, the 120 day period began to run from that date, not the date upon which the Plaintiff's Motion was granted, i.e., December 2, 2004. Again, Officer Potter was not served with the complaint until February 23, 2005, well beyond the time allotted for service of process under Rule 4.

2

### III.    Conclusion

Based upon the foregoing, Officer Potter respectfully requests that the Court strike the Plaintiff's Motion and dismiss the Plaintiff's complaint against Officer Potter.

Respectfully submitted,
For the Defendant,
**Nelson Potter,**
By his attorney,

_/s/ B. W. M._
Brian M. Maser (BBO# 655667)
Dwyer, Duddy and Facklam
Attorneys At Law, P.C.
One Center Plaza, Suite 360
Boston, MA 02108
(617) 723-9777

Dated: April 19, 2005
f:\lpa\potter0311381mlw\pldgs\memo.mot.strike.doc

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Pursuant to Local Rule 7.1 counsel for the Defendant, Nelson Potter, hereby certifies that he attempted to confer with the plaintiff, Luis Centeno, to resolve the issues in the Motion To Dismiss but was unable to establish contact given his incarceration.

Date:  4-19-05

_/s/ B. W. M._
Brian M. Maser

### CERTIFICATE OF SERVICE

I, Brian M. Maser, Esquire, hereby certify that I have served a true and accurate copy of the foregoing document upon the Plaintiff, Luis A. Centeno, MCI-Shirley (Medium), P.O. Box 1218, Harvard Road, Shirley, Massachusetts, 01464, this 19th day of April, 2005.

_/s/ B. W. M._
Brian M. Maser

3