UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LUIS A. CENTENO,
                Plaintiff,

vs.                              C.A. NO:#04-11381-MLW

NELSON POTTER,
                Defendant.

## PLAINTIFF, LUIS A. CENTENO'S MOTION TO QUASH SERVICE, RETAIN THE CASE AND DIRECT REISSUANCE OF SERVICE UPON THE DEFENDANT, NELSON POTTER

Now comes the plaintiff, Luis A. Centeno, an incarcerated pro se litigant proceeding in forma pauperis, and moves this Honorable Court to QUASH service of February 23, 2005, executed by the United States Marshals Service for "good cause" shown by the plaintiff, retain the case and direct reissuance of service of process upon the defendant, Nelson Potter, by the United States Marshals Service.

As reasons for this motion the plaintiff, Luis A. Centeno, states that the staute of limitation did not begin to toll until the Court allowed his Application to Proceed In Forma Pauperis and the Clerk filed the Complaint on December 2, 2004.

I.  **INTRODUCTION**

This is a civil action in which the plaintiff, Luis A. Centeno, an incarcerated pro se litigant proceeding in forma pauperis alleges that the named defendant, Nelson Potter, violated his civil rights pursuant to 42 U.S.C. 1983, and rights secured by the Massachusetts Declaration of Rights. Specifically, the plaintiff Centeno, alleges that his Fourth Amendment rights were violated when the individual defendant Potter, arrested him on July 26, 2001.

II.  **PROCEDURAL HISTORY**

The plaintiff Centeno, submitted his Complaint and Application to Proceed In Forma Pauperis to the Court on June 10, 2004. (Docket 1).

The Court GRANTED the plaintiff Centeno's, appliaction to proceed in forma pauperis and "stamped" the complaint as filed on December 2, 2004. (Docket 15).

The Court issued the Summons and USM-285 Form to the plaintiff Centeno, for service upon the defendant Potter, by the United States Marshals Service on December 2, 2004. (Docket 17).

The Court re-issued Summons and USM-285 Form to the plaintiff Centeno, for service by the United States Marshals Service on February 15, 2005. (Docket 22).

The United States Marshals Service effected proper service upon the defendant Potter on February 23, 2005. (Docket 24).

Rule 4(m), of the Federal Rules of Civil procedure states in pertenent part:

> "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant **or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for failure, the court shall extend the time for an appropriate period**"

Because the statute of limitations is ordinarily tolled during the pendency of a motion for leave to proceed **in forma pauperis**, the Rule 4(m) 120-day period for service **will not begin to run** until the complaint is stamped "filed" (either when the informa pauperis motion to granted without a fee or the filing fee is actually paid). See: <u>Scary vs. Philadelphia Gas Works</u>, 202 F.R.D. 148 (E.D.Pa.2001).

As such under Rule 4(m), of the Federal Rules of Civil Procedure the 120 day tolling period did not begin to run until the plaintiff Centeno's Application to Proceed In Forma Pauperis was granted by this Honorable Court on December 2, 2004. See: (Docket 15).

Service of the summons and complaint upon the defendant Potter, by the United states Marshals Service on February 23, 2005 is proper and well within the 120 days provided by Rule 4(m), of the Federal Rules of Civil Procedure.

Plaintiff Centeno, in the alternative in the unlikely event that this Honorable Court deem that service upon the defendant Potter to be ineffective, requests that the Court QUASH service retain the case and order reissuance of summons and USM-285 Forms for service by the United states Marshals Service. See: Boateng vs. Inter American Univ. Of P.R, 188 F.R.D. 26, 27 (D.P.R. 1999)(holding that Rules offer trial court option of quashing deficient service), R. Griggs Group Ltd. vs. Filanto Spa, 920 F.Supp. 1100, 1102 (D.Nev. 1996)(noting that federal courts possess the authority to quash inproper service of process, rather than dismissing the complaint, even though the rules technically do not provide for a "Motion to Quash").

Also See: Dahl vs. Kanawha Inv. Holding Co., 161 F.R.D. 673, 681 (N.D. Iowa 1995)(noting general rule that court will simply quash where the service is defective but curable, but will dismiss for improper service where further service would be futile); Henkel Corp. vs. Degremont, S.A., 136 F.R.D. 88 (E.D. Pa. 1991).

**Wherefore**, the plaintiff, Luis A. Centeno, respectfully requests that this Honorable Court DENY the defendant, Nelson potter's motion to dismiss pursuant to Rule 12(5), of the Federal Rules of Civil Procedure on the grounds that the plaintiff, Luis A. Centeno, effected proper service within the 120 days under Rule 4(m), of the Federal rules of Civil Procedure, ans or in the alternative issue order QUASHING service, retain the case and re-issue summons and USM-285 forms for service by the United States Marshals Service affording the plaintiff, Luis A. Centeno, under Rule 4(m), of the Federal Rules of Civil Procedure 120 days to effect service.

MAY 12., 2005

Respectfully Submitted
by the Plaintiff.
Luis A. Centeno, pro se
M.C.I. Shirely (Medium)
Harvard Road
P.O. Box 1218
Shirely, Massachusetts 01464

## REQUEST FOR ORAL ARGUMENT

The plaintiff, Luis A. Centeno, hereby requests pursuant to L.R. D.Mass 7.1(D) for oral argument on this motion.

## REQUEST FOR ISSUANCE OF WRIT OF HABEAS CORPUS AD-TESTIFICANDUM

The plaintiff, Luis A. Centeno, hereby requests that this Honorable Court issue a Writ of Habeas Corpus Ad-Testificandum to the Superintendent at his place of confinement at the address below.

## LOCAL RULE 7.1 (A)(2) CERTIFICATION

The plaintiff, Luis A. Centeno, Pro-Se, litigant, hereby certify that I have attempted to confer with the attorney of record for the named defendant, Nelson Potter, regarding the foregoing motion in a good faith effort to narrow the issue and or resolve the issue in this motion.

## CERTIFICATE OF SERVICE

I, Luis A. Centeno, Pro Se, plaintiff in this civil action entitled Centeno vs. Potter, No:#04-cv-11381-MLW, hereby certify that I have served pursuant to Rule 5, of the Federal Rules of Civil Procedure, one copy of the foregoing motion upon: Brian M. Maser, Esq., Dwyer, Duddy, and Facklam, One Cener Plaza, Suite #360, Boston, Massachusetts 02108-1804, by depostiting the aforementioned documents in the istitutional mail depository box, by first class mail postage prepaid on this 12 day of MAY, 2005.

*Luis A. Centeno*
Luis A. Centeno, Pro-Se
MCI Shirley.
P.O. BOX. 1218.
HARVARD ROAD.
SHIRLEY, MA.
01464