UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
LUIS CENTENO,                 )
     Plaintiff                )
                              )
       v.                     )    C.A. No. 04-11381-MLW
                              )
NELSON POTTER,                )
     Defendant                )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                          January 19, 2006

BACKGROUND

Pro se plaintiff Luis Centeno, an inmate confined at MCI Shirley, has filed a complaint alleging that defendant Nelson Potter, a police officer, beat him while arresting Centeno. On December 2, 2004, the court granted the plaintiff's motion to proceed in forma pauperis and ordered the U.S. Marshall to serve the defendant with a copy of the summons and complaint.

The plaintiff and the defendant have filed various motions. The plaintiff has filed a Motion for Pro Se Privileges for Law Library (Docket No. 20); a Motion to Freeze and Control Officer Nelson Potter's Assets (Docket No. 26); two Motions for Summary Judgment (Docket Nos. 27 and 28); a Motion for Default Judgment as to Nelson Potter (Docket No. 29); a Motion for Habeas Corpus (Docket No. 32); a Motion for Extension of Time (Docket No. 33); two Ex Parte Motions to Oppose Nelson Potter's Motion for

1

Permission for Late Filing (Docket Nos. 34 and 40); an Ex Parte Motion Allowing Court to Order the Court to Bill the Plaintiff Luis A. Centeno Prison Account for Copy Costs (Docket No. 39); a Motion for Habeas Corpus (Docket No. 43); another Motion for Default Judgment (Docket No. 44); two Motions for Extension of Time (Docket Nos. 47 and 49); a Motion for Leave to File a Motion to Strike the Plaintiff's Opposition to the Defendant's Motion to Dismiss and Motion to Strike (Docket No. 48); a Motion to Quash (Docket No. 52); a Motion for Emergency Ruling on Pro Se Privileges (Docket No. 56); a Motion to Amend Complaint (Docket No. 57); and a Motion to Compel (Docket No. 61). In addition, the plaintiff has filed letters (Docket Nos. 38 and 58) requesting that the court appoint counsel, which the court is treating as a Motion to Appoint Counsel.

The defendant has filed a Motion for Late Filing of Motion to Dismiss (Docket No. 30); a Motion to Dismiss (Docket No. 45); and a Motion for Leave to File a Motion to Strike the Plaintiff's Opposition to the Defendant's Motion to Dismiss and Motion to Strike (Docket No. 48).

For the reasons stated below, it is hereby ORDERED that:

1. The plaintiff's Motion for Pro Se Privileges for Law Library (Docket No. 20) and Motion for Emergency Ruling re Pro Se Privileges (Docket No. 56) are DENIED. Although the plaintiff may be entitled to use the prison law library, he cannot vindicate that

right by filing motions in this lawsuit because the prison is not a party to the suit. If the plaintiff wishes to pursue a claim that the Commissioner of Corrections is violating his rights, he must file a lawsuit against the Commissioner, not a motion in this case.

    2. The plaintiff's Motion to Freeze and Control Officer Nelson Potter's Assets (Docket No. 26) is DENIED. The plaintiff is requesting money damages in this case. To obtain a preliminary injunction freezing Officer Potter's assets, the plaintiff would have to show that a preliminary injunction is "necessary to protect the damages remedy" and, that if he wins, without the injunction the money damages would be a "seriously deficient" remedy. See Teradyne, Inc. v. Mostek Corp., 797 F.2d 43, 53 (1st Cir. 1986). The plaintiff does not include a memorandum of law or an affidavit that makes this showing.

    3. The defendant's Motion for Late Filing of Motion to Dismiss (Docket No. 30) is ALLOWED because the court finds that the defendant's failure to respond within the required time was the result of "excusable neglect." See Fed. R. Civ. P. 6(b). The court deems the plaintiff's Ex Parte Motions to Oppose Nelson Potter's Motion for Permission for Late Filing (Docket Nos. 34 and 40) to be oppositions to the defendant's motion. They are DENIED.

    The court deems the plaintiff's Motions for Summary Judgment (Docket Nos. 27 and 28) to be motions for default. These motions and the plaintiff's Motions for Default (Docket Nos. 29 and 44) are

DENIED because the court has extended the deadline for the defendant to respond to the plaintiff's complaint.

4. The defendant's Motion to Dismiss (Docket No. 45) is DENIED because the defendant was served within the time required by Federal Rule of Civil Procedure 4 and because the plaintiff has not received a "judgment on the merits" in any other lawsuit involving these claims.

First, the defendant was served within the proper time. The court received the plaintiff's complaint on June 24, 2004, without the proper fee, and the plaintiff subsequently filed a motion to proceed in forma pauperis. See Docket Nos. 1, 6. Until the court screened the complaint and granted the plaintiff's motion to proceed in forma pauperis, the plaintiff could not serve his summons or complaint on the defendant. Therefore, his time limit under Rule 4 did not begin to run until December 2, 2004, when the court granted his motion and ordered the U.S. Marshall to serve the defendant with process. See Docket No. 15; Ellis v. Principi, 223 F.R.D. 446, 447 (S.D. Miss. 2004) (time to serve process does not run while court considers motion to proceed in forma pauperis); see also Local Rule 4.5(c) (noting that the clerk shall "file" the complaint on the civil docket after any motion to proceed in forma pauperis is granted). The defendant was served on February 23, 2005, see Docket No. 24, which is well within the 120-day time limit under Rule 4(m).

Second, it appears that the plaintiff did file a similar lawsuit in the Massachusetts Superior Court for Essex County, and that court dismissed the case because the plaintiff failed properly to serve the defendant with process. This court must give that decision "the same full faith and credit" that Massachusetts courts would give the decision. See 28 U.S.C. § 1738. Massachusetts courts would bar the plaintiff from refiling a lawsuit on the same claim if he received a final "judgment on the merits" on the same claim a prior adjudication. See Kobrin v. Board of Registration in Medicine, 832 N.E. 2d 628, 633-34 (Mass. 2005); see also South Boston Allied War Veterans Council v. City of Boston, 875 F. Supp. 891, 908-909 (D. Mass. 1995). Here, however, the state court dismissed the plaintiff's prior lawsuit for "insufficiency of process," which is not a decision on the merits. See DiDonato v. Mosher, 1996 Mass. App. Div. 135, at *1 (1996) (dismissal for improper service is a dismissal for "lack of jurisdiction" under Rule 41(b)); Mass. R. Civ. P. 41(b)(3) (dismissal for lack of jurisdiction is not on the merits). Therefore, Massachusetts courts would not bar the plaintiff from re-asserting the same claim, and the plaintiff may pursue his claim in this court. See 28 U.S.C. §1738.

5. Accordingly, the plaintiff's Motion for Extension of Time in which to serve the defendant with process (Docket No. 33) and the plaintiff's Motion to Quash Service (Docket No. 52) are MOOT

because service was proper.

The plaintiff's Motion for Extension of Time to file an opposition to the defendant's Motion to Dismiss (Docket No. 49) is MOOT because the defendant's motion has been denied.

6. The defendant's Motion for Leave to File a Motion to Strike the Plaintiff's Opposition to the Defendant's Motion to Dismiss and Motion to Strike (Docket No. 48) is ALLOWED. However, the attached Motion to Strike (also Docket No. 48) is DENIED because the court finds that the plaintiff's late filing was due to excusable neglect. See Fed. R. Civ. P. 6(b).

7. The plaintiff's Motion for Extension of Time to respond to the motion to strike (Docket No. 47) is MOOT.

8. The plaintiff's Motion to Compel (Docket No. 61) is MOOT because the court has ruled on all his motions.

9. The plaintiff's Motion to Amend the Complaint (Docket No. 57) is ALLOWED because the court finds that the interests of justice are served by allowing the amendment. See Fed. R. Civ. P. 15(a). A copy of the amended complaint is attached to this Order. The defendant shall answer the amended complaint or file a motion to dismiss by February 24, 2006.

10. The plaintiff's Ex Parte Motion Allowing Court to Order the Court to Bill the Plaintiff Luis A. Centeno Prison Account for Copy Costs (Docket No. 39) is DENIED. The plaintiff is proceeding in forma pauperis, and the court does not charge him for the costs

of sending copies of the docket or orders in his case. However, unless the plaintiff specifies what documents he requests be copied for him, the court cannot grant the motion because it is too vague.

  11. The court deems the plaintiff's letters regarding appointment of counsel (Docket No. 38 and 58) to be a Motion to Appoint Counsel. That motion is DENIED without prejudice. Although the court may request an attorney to represent an indigent plaintiff, 28 U.S.C. § 1915(e)(1), "[t]here is no absolute constitutional right to a free lawyer in a civil case." DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). Moreover, it is appropriate to appoint counsel only if the plaintiff demonstrates "exceptional circumstances." Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986). To decide if the plaintiff has demonstrated "exceptional circumstances," the court considers the complexity of the issues involved, the capability of the indigent litigant, and whether the plaintiff is able to conduct factual investigation necessary to support his claim. Id.

  The court finds that the issues involved here are not particularly complex and that the plaintiff is capable of representing himself. Moreover, the plaintiff has not demonstrated that he needs counsel so he can conduct factual investigation. Therefore, the court is denying the motion without prejudice. The court may reconsider this ruling if the legal or factual issues become more complex.

13. The plaintiff's Motions for Habeas Corpus (Docket No. 32 and 43) are DENIED because the court is not holding a hearing on the motions for which the plaintiff seeks to appear.

14. The parties are reminded that they must comply with the Federal Rules of Civil Procedure and the Local Rules. In particular, when the parties file a motion, they must also file a memorandum of reasons that includes citations to proper authorities and an affidavit evidencing any facts on which the motion relies. <u>See</u> Local Rule 7.1(B). In addition, under Local Rule 5.2, a party must serve all pleadings and motions on his adversary, and include a certificate of service on the last page of every document. <u>See</u> Local Rule 5.2. Although the court has been lenient in enforcing these rules because the plaintiff is a <u>pro se</u> litigant, it will deny motions in the future that do not meet these requirements.

13. The parties shall comply with the attached Scheduling Order.

      /s/ MARK L. WOLF_____
      UNITED STATES DISTRICT JUDGE