UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LUIS A. CENTENO,
               Plaintiff,

vs.                             C.A. NO:#04-11381-MLW

NELSON POTTER,
               Defendant.

## AMENDED COMPLAINT
## AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff, Luis A. Centeno, a incarcerated pro se litigant proceeding in forma pauperis, brings this civil action against an individual Lawrence Police Officer, Nelson Potter, pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, seeking redress for deprivation of his rights secured by the Constitution of the United states, and the Massachusetts Civil rights Act as added by St. 1979, c. 801 §, M.G.L. c. 12, § 11I, seeking redress of state law tort claims against the defendant Nelson Potter, for deprivation of the plaintiff, Luis A. Centeno's rights at common law.

## JURISDICTION

2. Plaintiff, Luis A. Centeno, brings this action against Defendants seeking redress for deprivation of rights secured by the First and Fourteenth Amendments to the Constitution to the United States of access to the Courts to seek redress and vindicate his rights secured under state and federal laws, Constitution of the United States, and the Constitution to the Commonwealth of Massachusetts; the Plaintiff's rights secured by the Fifth and Eighth Amendments to the Constitution of the United States to be free from police harassment and intimidation; the Plaintiff's rights secured by the Fourth Amendment to the Constitution of the United States to be free from unreasonable searches of his home and seizure of his person; the Plaintiff's rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States to be free from unlawful seizure of his person, malicious abuse of process, malicious prosecution, and due process of law.

3. Plaintiff, Luis A. Centeno, is a citizen of the Commonwealth of Massachusetts and of the United States. The Defendant, Nelson Potter, is a citizen of the Commonwealth of Massachusetts and of the United States. The matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332, and 1343(a)(3), and 42 U.S.C. § 1983.

5. Plaintiff, Luis A. Centeno, also invokes supplemental jurisdiction of this Court over the plaintiff's state claims against the defendant, Nelson Potter, for common law violations pursuant to 28 U.S.C. § 1367 as the common law claims form part of the same case or controversy.

6. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391.

## PARTIES

7. Plaintiff, Luis A. Centeno, at all times relevent to the allegations contained in this complaint on October 1, 2001, lawfully resided at his regular and usual place of abode which was located at 71 Nesmith Street, Lawrence, Massachusetts 01841, in the County of Essex and is a citizen of the United States.

8. Plaintiff, Luis A. Centeno, (hereinafter "plaintiff Centeno") is a commorant of the Massachusetts Department of Correction, and confined at M.C.I. Shirley, Harvard Road, P.O. Box 1218, Shirley, Massachusetts 01464, in the County of Middlesex, and is a citizen of the United States.

9. Defendant, Nelson Potter, (hereinafter "defendant Potter"), is being sued in both his individual and official capacity who at all times relevent to this allegations contained in this complaint as duly appointed police officer, acting under the color of law, rule, regulation, custom, policy, or ordinance, within the nature and scope of his official duties, under the color of authority vested in him as a member of the City of Lawrence Police Department, located at 90 Lowell street, Lawrence, Massachusetts 01841, in the County of Essex, and is a citizen of the United States.

## FACTURAL ALLEGATIONS

10. On July 26, 2001, at approximately 12;00 pm, the defendant, Nelson Potter, a police officer for the City of Lawrence, was dispatched to plaintiff Luis A. Centeno's, residence then located at 71 Nesmith Street, 1St. Floor, Lawrence, Massachusetts 01841.

11. The defendant, Nelson Potter, without probable cause, warrant, of the consent of the plaintiff Luis A. Centeno, entered his residence, and upon entering the residence proceeded to question the plaintiff Centeno, as to whether he had assaulted his neice a one Chrisina Rivera, age 15 at the time of the incident.

12. Plaintiff, Centeno, responded that he had not assaulted his neice or any other person in the residence, that he did however, verbally chastise his neice for comming home late and for being under the influence of marijuana, also for verbally disrespecting her mother, Maria Centeno.

13. The defendant, Nelson Potter, then proceeded to arrest him Luis A. Centeno, and handcuffed him and placing him in the police vehicle.

14. The defendant, Nelson Potter, while placing Luis A. Centeno, in the rear passenger seat of his police vehicle did assault plaintiff, Luis A. Centeno, with his police departmental issued flashlight, and struck plaintiff, Luis A. Centeno, twice about his face and head, causing, the plaintiff, Luis A. Centeno's, two front teeth, tooth #7 to break in half and tooth #8 to break at the gum line, and to cause a lump and brusing to his head and face.

15. The defendant, Nelson Potter, after assaulting plaintiff, Luis A. Centeno, with his police issued flashlight maced him in his face, eyes and mouth causing him great pain and burning his face, eyes, and mouth.

16. The defendant, Nelson Potter, refused plaintiff, Luis A. Centeno's pleas for medical treatment.

16a. The defendant, Nelson Potter, on July 26, 2001 filed a application for criminal complaint.

16b. The Clerk of the Court for Lawrence District Court Department issued a criminal complaint Docket No:#0118-cv-5227.

16c. The complaint charged the plaintiff, Luis A. Centeno, with Assault and Battery on a Household Member, in violation of G.L. c. 265, § 13A, Disorderly Conduct, in violation of G.L. c. 272, § 53, Resisting Arrest, in violation of G.L. c. 268, § 32B, and False Name to Police, in violation of G.L. c. 268, § 34.

16d. On October 1, 2001, at the request of the prosecutor, A.D.A. Deborah Tempesta, the case was dismissed for lack of prosecution, thus terminating the case in favor of the plaintiff, Luis A. Centeno.

17. The plaintiff, Luis A. Centeno's, attorney, Rhonda Lee, took photographs of the injuries of the plaintiff, Luis A. Centeno, caused by the defendant, Nelson Potter.

18. As a direct and proximate result of the acts and ommissions of the defendant, Nelson Potter, plaintiff, Luis A. Centeno's tooth #7 and #8 remain chipped and broken, and was forced to suffer pain, bruising, and mental cruelty, was denied medical treatment, and deprived of his liberty.

19. At all times relevent to the allegations contained in this complaint, plaintiff, Luis A. Centeno, was unarmed and did not pose a threat of death or greivous bodily harm or injury to the defendant, Nelson Potter.

20. The defendant, Nelson Potter, acted with actual malice towards the plaintiff, Luis A. Centeno, with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of the plaintiff, Luis A. Centeno.

21. The defendant, Nelson Potter, at no time relevent hereto have as an ordinary prudent officer reasonable information or facts that would have allowed the defendant, Nelson Potter, to conclude that there was probable cause to believe that plaintiff, Luis A. Centeno, had committed or was committing a crime of any nature or within the Massachusetts General Laws, at common law, or the City of Lawrence ordinance.

**COUNT  I.    VIOLATION OF CONSTITUTIONAL RIGHTS**
              Defendant, Nelson Potter
              (Claim for Compensatory and Exemlary Damages)

22. Plaintiff, Luis A. Centeno, incorporates herein by reference the allegations contained in paragraphs 1 through 21.

23. The intentional deprivation of plaintiff, Luis A. Centeno's, rights by the defendant, Nelson Potter, to be free from police harassment, intimidation and assault and battery as secured by the Fourth, fifth, and Fourteenth Amendments to the Constitution of the United States, for which the defendant, Nelson Potter, is individually liable.

24. The intentional deprivation of plaintiff, Luis A. Centeno's, rights by the defendant, Nelson Potter, to be free from unreasonable searches and seizure of his residence and

person as secured by the Fourth Amendment to the Constitution of the United States, for which the defendant, Nelson Potter, is individually liable.

25. The intentional assault and battery by the defendant, Nelson Potter, when the plaintiff, Luis A. Centeno, was unarmed, did not pose a threat of death or grievous bodily harm or injury to the defendant, Nelson Potter, did not resist arrest, when the defendant, Nelson Potter, had no lawful authority to arrest plaintiff, Luis A. Centeno, or use excessive and unreasonable force against him, was done with actual malice toward the plaintiff, Luis A. Centeno, with willful and wanton indifference to and deliberate disregard for the Constitutional rughts of the plaintiff, Luis A. Centeno, for which the defendant, Nelson Potter, is individually liable.

**COUNT II.** <u>**VIOLATION OF STATE CONSTITUTIONAL AND STATUTORY RIGHTS**</u>
Defendant, Nelson Potter
(Claim for Compensatory and Exemplary Damages)

26. Plaintiff, Luis A. Centeno, incorporates herein by reference the allegations contained in paragraphs 1 through 25.

27. By the aforesaid actions, the defendant, Nelson Potter, deprived plaintiff, Luis A. Centeno, of the following rights under M.G.L. c. 12, § 11I, pt. 1, Art. 10, and Pt. 7, Art. 12, of the Constitution of the Commonwealth of Massachusetts to be free from the use od excessive and unreasonable force, to be free from deprivation of liberty without due process of law, to be free from arrest and detention without a warrant or probable cause, to be free from malicious abuse of process of law, and to be free from malicious prosecution, for which the defendant, Nelson Potter, is individually liable.

**COUNT III.**     **ASSAULT AND BATTREY**
Defendant, Nelson Potter
(Claim for Compensatory and Exemplary Damages)

28. Plaintiff, Lius A. Centeno, incorporates herein by reference the allegations contained in paragraphs in 1 through 27.

29. The aforesaid conduct of the defendant, Nelson Potter, constitutes an assault and battery against the plaintiff, Luis A. Centeno, for which the defendant, Nelson Potter, is individually liable.

30. As a proximate result thereof, plaintiff, Luis A. Centeno, suffered physical injury and pain, mental anguish, emotional distress, and otherwise greatly damaged, for which the defendant, Nelson Potter, is individually liable.

**COUNT IV.**     **FALSE ARREST**
Defendant, Nelson Potter
(Claim for Compensatory and Exemplary Damages)

31. Plaintiff, Luis A. Centeno, incorporates herein by reference the allegations contained in paragraphs 1 through 30.

32. The aforesaid conduct of the defendant, Nelson Potter, constitutes a false arrest against the plaintiff, Luis a. Centeno.

33. As a proximate result thereof, plaintiff, Luis A. Centeno, was unlawfully deprived of his personal physical liberty, suffered physical injury, severe emotional distress, and otherwise greatly damaged, for which the defendant, Nelson Potter, is individually liable.

COUNT  V.         **FALSE IMPRISONMENT**
                  Defendant, Nelson Potter
                  (Claim for Compensatory and Exemplary
                  Damages)

34.  Plaintiff, Luis A. Centeno, incorporated herein by reference the allegations contained in paragraphs 1 through 33.

35.  The aforesaid conduct of the defendant, Nelson Potter, constitutes a false imprisonment against plaintiff, Luis A. Centeno.

36.  As a proximate result thereof, plaintiff, Luis A. Centeno, was unlawfully imprisoned and deprived of his personal liberty, was forced to suffer and endure great pain, mental suffering, and otherwise greatly damaged, for which the defendant, Nelson Potter, is individually liable.

COUNT  VI.        **MALICIOUS ABUSE OF PROCESS**
                  Defendant, Nelson Potter
                  (Claim for Compensatory and Exemplary Damages)

37.  Plaintiff, Luis A. Centeno, incorporates herein by reference the allegations contained in paragraphs 1 through 36.

38.  As a proximate result thereof, plaintiff, Luis A. Centeno, was forced to suffer loss of employment, loss of wages, suffered severe emotional distress and mental anguish and otherwise was greatly damaged, for which the defendant, Nelson Potter, is individually liable.

**COUNT VII.    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

39.  Plaintiff, Luis A. Centeno, incorporates herein by reference the allegations contained in paragraphs 1 through 39.

40.  The aforesaid conduct of the defendant, Nelson Potter, was extreme. outrageous and intolerable in a civilized society.

41.  As a proximate result thereof, plaintiff, Luis A. Centeno, suffered great pain of body and mind, severe emotional distress and was otherwise suffered grave injury and great damage, for which the defendant, Nelson Potter, is individually liable.

**WHEREFORE**, plaintiff, Luis A. Centeno, requests that this Honorable Court enter judgement against the defendant, Lawrence Police Officer, Ptl. Nelson Potter, and award the following amounts:

a. $250.000.00 compensatory damages in favor of the plaintiff, Luis A. Centeno;

b. $150.000.00 exemplary damages in favor of the plaintiff, Luis A. Centeno;

c. Costs and fees associated with this civil action including reasonable attorney fees and legal fees to the plaintiff, Luis A. Centeno;

d. Such other and further relief as the Court may deem appropriate.

DATE. 04-21-05.

Respectfully Submitted
by the Plaintiff,

Luis A. Centeno, pro se
M.C.I. Shirley (Medium)
Harvard Road
P.O. Box 1218
Shirley, Massachusetts 01464

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, of the Federal Rules of Civil procedure, plaintiff, Luis A. Centeno, demads a trial by Jury.

Date: 04-22 ,2005

Respectfully Submitted
by the Plaintiff,

Luis A. Centeno, pro se
M.C.I. Shirley (Medium)
Harvard Road
P.O. Box 1218
Shirley, Massachusetts 01464

## DECLARATIONS

I, Luis A. Centeno, plaintiff, hereby certify under oath that all factual allegations and claims made in this complaint are true and correct and have been made under personal knowledge and observations, and that plaintiff, Luis A. Centeno, is competent to tesify at trial.

I, Luis A. Centeno, plaintiff, hereby depose and say that I have made the foregoing factual allegations and claims under the penalties of perjury pursuant to 28 U.S.C. § 1746, and 18 U.S.C. 1621-1623, on this day 22Nd of APRIL , 2005.

Date: 04-22 , 2005

Respectfully Submitted
by the Plaintiff,

Luis A. Centeno, pro se
M.C.I. Shirley (Medium)
Harvard Road
P.O. Box 1218
Shirley, Massachusetts 01464

]END]

## REQUEST FOR ORAL ARGUMENT

The plaintiff, Luis A. Centeno, hereby requests pursuant to L.R. D.Mass 7.1(D) for oral argument on this motion.

## REQUEST FOR ISSUANCE OF WRIT OF HABEAS CORPUS AD-TESTIFICANDUM

The plaintiff, Luis A. Centeno, hereby requests that this Honorable Court issue a Writ of Habeas Corpus Ad-Testificandum to the Superintendent at his place of confinement at the address below.

## LOCAL RULE 7.1 (A)(2) CERTIFICATION

The plaintiff, Luis A. Centeno, Pro-Se, litigant, hereby certify that I have attempted to confer with the attorney of record for the named defendant, Nelson Potter, regarding the foregoing motion in a good faith effort to narrow the issue and or resolve the issue in this motion.

## CERTIFICATE OF SERVICE

I, Luis A. Centeno, Pro Se, plaintiff in this civil action entitled Centeno vs. Potter, No:#04-cv-11381-MLW, hereby certify that I have served pursuant to Rule 5, of the Federal Rules of Civil Procedure, one copy of the foregoing motion upon: Brian M. Maser, Esq., Dwyer, Duddy, and Facklam, One Cener Plaza, Suite #360, Boston, Massachusetts 02108-1804, by depostiting the aforementioned documents in the istitutional mail depository box, by first class mail postage prepaid on this 22nd day of April, 2005.

*Luis a. Centeno*  unit-F-1.
Cell- 23.
Luis A. Centeno, Pro-Se
MCI Shirley Medium.
P.O. Box 1218.
Harvard Road.
Shirley, MA.
01464