UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUIS A. CENTENO,<br>   Plaintiff,<br><br>v.<br><br>NELSON POTTER,<br>   Defendant. | )<br>)<br>)<br>)  C.A. No. 04-11381-MLW<br>)<br>)<br>)<br>) |

## ANSWER OF DEFENDANT NELSON POTTER

Now comes the Defendant, Nelson Potter, and answers the Complaint of the Plaintiff, Luis Centano, as follows:

This paragraph contains legal conclusions which do not require a response.

1. This is an introductory paragraph requiring no response.

2. This is an introductory paragraph requiring no response.

3. Admitted that the Defendant is a citizen of the Commonwealth of Massachusetts and the United States; otherwise, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, therefore denied.

4. Admitted to the extent that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 (a)(3); otherwise denied.

5. Admitted.

6. Admitted.

7. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, therefore denied.

8. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, therefore denied.

9. Admitted that the Defendant is a citizen of the United States and a member of the Lawrence Police Department, with a business address of 90 Lowell Street, Lawrence, Massachusetts, in

Essex County; otherwise this paragraph contains legal conclusions which do not require a response.

10. Admitted to the extent that the Defendant was dispatched to the first floor of 71 Nesmith Street in Lawrence, Massachusetts on July 26, 2001. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, therefore denied.

11. Denied.

12. Denied.

13. Admitted.

14. Denied.

15. Denied.

16. Denied.

16a. Admitted.

16b. Admitted to the extent that a criminal complaint was issued by the District Court Department in Lawrence, Massachusetts. Otherwise denied.

16c. Admitted.

16d. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, therefore denied.

17. Denied to the extent that the Plaintiff had injuries that were caused by the Defendant; otherwise, the Defendant is without knowledge to form a belief as to the truth of the allegations contained in this paragraph, therefore denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

## COUNT I (28 U.S.C. § 1983)

22. The Defendant incorporates in their entirety his responses to paragraphs one (1) through twenty-one (21) set forth above.

23. Denied.

24. Denied.

25. Denied

## COUNT II (G.L. c. 12, § 11I)

26. The Defendant incorporates in their entirety his responses to paragraphs one (1) through twenty-five (25) set forth above.

27. Denied.

## COUNT III (ASSAULT & BATTERY)

28. The Defendant incorporates in their entirety his responses to paragraphs one (1) through twenty-eight (28) set forth above.

29. Denied.

30. Denied.

## COUNT IV (FALSE ARREST)

31. The Defendant incorporates in their entirety his responses to paragraphs one (1) through thirty (30) set forth above.

32. Denied.

33. Denied.

## COUNT V (FALSE IMPRISONMENT)

34. The Defendant incorporates in their entirety his responses to paragraphs one (1) through thirty-three (33) set forth above.

35. Denied.

36. Denied.

## COUNT VI (MALICIOUS ABUSE OF PROCESS)

37. The Defendant incorporates in their entirety his responses to paragraphs one (1) through thirty-six (36) set forth above.

38. Denied.

## COUNT VII (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

39. The Defendant incorporates in their entirety his responses to paragraphs one (1) through thirty-eight (38) set forth above.

40. Denied.

41. Denied.

WHEREFORE, the Defendant, Nelson Potter, requests that this Court dismiss this action, with costs to the Defendant.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Service of process was insufficient as a matter of law.

### Third Affirmative Defense

Plaintiff's claims are barred under the provisions of M.G.L. c. 258 §10.

### Fourth Affirmative Defense

The Defendant states that his actions and conduct were performed according to and protected by law and/or legal process and therefore the Plaintiffs cannot recover.

### Fifth Affirmative Defense

The Defendant states that he was privileged in his conduct and acts and therefore Plaintiff cannot recover.

### Sixth Affirmative Defense

The Defendant is qualifiedly immune from this suit as the alleged acts complained of occurred within the scope of his official duties and the Defendant had no knowledge that said alleged acts were illegal and/or unconstitutional nor were said alleged acts clearly violative of Plaintiff's rights at the time they were committed.

### Seventh Affirmative Defense

The Defendant states that at all times relevant hereto he acted without malice toward the Plaintiff and that his actions relative to the Plaintiffs were privileged by virtue of his reasonable, good faith belief that his actions were lawful and within the scope of his discretionary authority as a police officer.

### Eighth Affirmative Defense

Any damages incurred by Plaintiff as alleged in the Complaint resulted from his own intentional and illegal conduct and therefore, they are barred from recovery.

### Ninth Affirmative Defense

The Defendant states that any force used toward the Plaintiffs was reasonable under the circumstances.

### Tenth Affirmative Defense

The Defendant states that he was justified in his conduct and acts and therefore is not liable to the Plaintiff as alleged in the Complaint.

### Eleventh Affirmative Defense

The Plaintiff's claims against the Defendant are frivolous, without any basis in fact and not advanced in good faith. The Defendant is therefore entitled to attorney's fees, costs and any other sanctions the Court deems appropriate under the terms and provisions of 42 U.S.C. 1983.

### Twelfth Affirmative Defense

The Defendant states that if the Plaintiff suffered injuries or damages as alleged, such injuries or damages were caused by someone for whose conduct the Defendant was not and is not legally responsible.

### Thirteenth Affirmative Defense

The Defendant states that the Plaintiff was rightly detained and that the detention was for a reasonable period of time.

### Fourteenth Affirmative Defense

The Defendant did not violate any clearly identified right of the Plaintiff under state or federal law.

### Fifteenth Affirmative Defense

Defendant's conduct was necessary to ensure his own safety, the safety of his fellow officers and the safety of others.

### Sixteenth Affirmative Defense

The Plaintiff is without standing to bring a suit alleging a violation of the Fourth Amendment.

**THE DEFENDANT CLAIMS TRIAL BY JURY.**

Respectfully submitted,
For the Defendant,
**Nelson Potter,**
By his attorneys,

_____
Matthew E. Dwyer
B.B.O. # 139840
Kathleen A. Pennini
B.B.O. # 654573
Dwyer, Duddy and Facklam, P.C.
Two Center Plaza, Suite 430
Boston, MA 02108

Dated: February 22, 2006     (617) 723-9777

### CERTIFICATE OF SERVICE

I, Matthew E. Dwyer, do hereby certify that a true copy of the foregoing document has been served upon:

Luis Centeno
MCI-Shirley/Medium
P.O. Box 1218
Harvard Road
Shirley, MA  01464

by first class mail, postage pre-paid, this 22nd day of February 2006.

_____
Matthew E. Dwyer, Esq.

f:\lpa\potter0311381mlw\pldgs\answer.doc:blg

7