# DWYER, DUDDY and FACKLAM
## ATTORNEYS AT LAW, P.C.
TWO CENTER PLAZA, SUITE 430
BOSTON, MASSACHUSETTS 02108-1804

MATTHEW E. DWYER
CHRISTINA C. DUDDY†
PAUL M. FACKLAM, JR.
KATHLEEN A. PENNINI
BRIAN P. FOX
†ALSO ADMITTED TO PRACTICE IN THE STATE OF MAINE

TEL 617-723-9777

FAX 617-227-8692

November 9, 2006

Luis A. Centeno
OCCC – Minimum Unit – C
1 Administration Road
Bridgewater, MA 02324

Re: **Centeno v. Potter**
United States District Court
C.A. No. 04-11381-MLW

Dear Mr. Centeno:

Enclosed please find the following: (1) settlement agreement; (2) release; and (3) Stipulation of Dismissal; and (4) pre-stamped envelope addressed to Kathleen A. Pennini. Please sign the settlement agreement, release, and stipulation of dismissal, and return them to me in the enclosed envelope. I will mail you copies of these documents once they have been fully executed.

I have received your letter dated November 2, 2006, in which you request that I send your settlement check to your brother, Jose Centeno. Unfortunately, despite your stated waiver of my firm's liability if the check is not ultimately received by you after it has been sent to you brother via certified mail, I am still not permitted to send the settlement check to him. As I stated to you previously concerning your request that your settlement check be mailed to your girlfriend, I cannot send the settlement check to a person that is neither a party to the litigation nor a party's attorney, or is not otherwise legally permitted to receive such a check. While I understand your argument that you are representing yourself *pro se,* this, along with your waiver of liability if the check is not ultimately received, is not legally sufficient to permit me to send the check to someone designated by you in a letter. In order to comply with the dictates of the law, I must send the check to the Old Colony Correctional Center

EXHIBIT (A.)

# DWYER, DUDDY and FACKLAM

Luis Centeno
November 9, 2006
Page 2

In addition, as I indicated to you in the past, it will take approximately fourteen (14) days for the settlement check to be processed and sent following my receipt of the settlement agreement after your execution of the agreement, provided that the Court does not require the parties to obtain Court approval of the settlement prior to the final processing of the agreement.. As you might recall, the Court has requested that we provide it with a status report on this matter by Friday, November 17, 2006. With your assent, I will inform the Court that the parties are currently in the midst of concluding a settlement.

Thank you for your attention to this matter.

Very truly yours,

*Kathleen A. Pennini*

Kathleen A. Pennini

Cc:   Nelson Potter, LPD

F:\LPA\Potter0311381MLW\ltrs\11.09.06.centeno.enc.settlement.agreement.doc

EXHIBIT (A)

## SETTLEMENT AGREEMENT

Agreement made this 13th day of November 2006 by and between Luis A. Centeno (hereinafter, "the Plaintiff") and Nelson Potter (hereinafter, "the Defendant").

Whereas, the Plaintiff commenced litigation against the Defendant in the United States District Court for the District of Massachusetts in Centeno v. Potter, Civil Action No. 04-CV-11381-MLW; and

Whereas, the parties are desirous of achieving an amicable resolution of their differences and bringing finality to this controversy, therefore, the Plaintiff and the Defendant do hereby agree as follows:

1. In full and final settlement of all claims brought, or that could have been brought, by the Plaintiff in the above-entitled action the Defendant agrees to pay to the Plaintiff five thousand ($ 5,000.00) dollars:

2. The Plaintiff shall execute and forward to the Defendant's counsel, Kathleen A. Pennini, the Stipulation of Dismissal annexed hereto and marked "A" and the Release annexed hereto and marked "B". Attorney Pennini shall electronically file the fully executed Stipulation of Dismissal with the United States District Court for the District of Massachusetts.

3. The Plaintiff acknowledges and agrees that the terms of this settlement shall remain confidential and are not subject to disclosure except in accordance with the terms of paragraph four (4). The parties further agree that they shall make no public statement concerning this matter except to state that this matter has been amicably resolved.

EXHIBIT (A)

"A"

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUIS A. CENTENO,<br>    Plaintiff,<br><br>v.<br><br>NELSON POTTER,<br>    Defendant. | C.A. No. 04-11381-MLW |

## STIPULATION OF DISMISSAL WITH PREJUDICE

All parties in the above-captioned matter hereby stipulate, that the claims of the plaintiff are hereby discontinued and dismissed with prejudice pursuant to Rule 41(a)(1) F.R.Civ.P., and waiving all rights of appeal.

Respectfully Submitted,
For the Plaintiff,
LUIS A. CENTENO
Pro Se,

/s/ Luis A. Centeno

Luis A. Centeno
MCI-Shirley
A1 Harvard Road
P.O. Box 1218
Shirley, MA 01464

Date: 11-13-06

For the Defendant,
NELSON POTTER,
By his attorneys,

_____
Matthew E. Dwyer
BBO #139840
Kathleen A. Pennini
BBO# 654573
Dwyer, Duddy and Facklam
Attorneys at Law, P.C.
Two Center Plaza, Suite 430
Boston, MA 02108
617-723-9777

Date: _____

EXHIBIT (A)

F:\LPA\Potter0311381MLW\pldgs\stip.dismissal.with.prejudice.doc

# DWYER, DUDDY and FACKLAM
### ATTORNEYS AT LAW, P.C.
TWO CENTER PLAZA, SUITE 430
BOSTON, MASSACHUSETTS 02108-1804

MATTHEW E. DWYER
CHRISTINA C. DUDDY†
PAUL M. FACKLAM, JR.
KATHLEEN A. PENNINI
BRIAN P. FOX
†ALSO ADMITTED TO PRACTICE IN THE STATE OF MAINE

TEL 617-723-9777

FAX 617-227-8692

November 16, 2006

Luis A. Centeno
OCCC – Minimum Unit – C
1 Administration Road
Bridgewater, MA 02324

     Re:  **Centeno v. Potter**
            United States District Court
            C.A. No. 04-11381-MLW

Dear Mr. Centeno:

     This morning, I received both your letter dated November 13, 2006, as well as the signed settlement agreement, release and stipulation of dismissal, which were also dated November 13, 2006. However, the terms of the letter appear to contradict the settlement agreement that you signed on the same date. In addition, your November 13, 2006 letter did not enclose the documentation that you indicated would be enclosed therein.

     In your November 13, 2006 letter, you indicated that all settlement discussions would be void if you had not received the "documents to be signed by myself in order to settle this case" by November 28, 2006. However, such documents were forwarded to you on November 9, 2006, and were signed by you on November 13, 2006. Based on the correspondence that you sent to me, I must assume that you wrote the November 13, 2006 letter prior to the time you received and signed the settlement agreement and other related documents, and that the threat to termination settlement negotiations is moot.

     As such, I shall continue to process the settlement agreement, inform the Court of the status of the above-referenced litigation, and file the stipulation of dismissal with the Court. Thank you for your attention to this matter.

                                     Very truly yours,

                                     Kathleen A. Pennini

Cc:  Nelson Potter, LPD
F:\LPA\Potter03\11381MLW\ltrs\11.16.06.cneteno.conflicting.corr.settlement.doc

(Exhibit (B))

**DWYER, DUDDY and FACKLAM**
ATTORNEYS AT LAW, P.C.
TWO CENTER PLAZA, SUITE 430
BOSTON, MASSACHUSETTS 02108-1804

MATTHEW E. DWYER
CHRISTINA C. DUDDY†
PAUL M. FACKLAM, JR.
KATHLEEN A. PENNINI
BRIAN P. FOX
†ALSO ADMITTED TO PRACTICE IN THE STATE OF MAINE

TEL 617-723-9777

FAX 617-227-8692

January 4, 2007

Luis A. Centeno
OCCC – Minimum Unit – C
1 Administration Road
Bridgewater, MA 02324

    Re:   <u>Centeno v. Potter</u>
            United States District Court
            C.A. No. 04-11381-MLW

Dear Mr. Centeno:

    I am in receipt of your letter, dated December 29, 2006, in which you indicate that you have not yet received the settlement check in this matter. Although I was originally informed that the settlement check would be available within fourteen (14) days from the receipt of the signed settlement agreement, circumstances beyond the control of myself or the Defendant have made it impossible for me to send you the settlement check within the time period originally anticipated. However, that issue appears to have been resolved and I anticipate that I should be receiving the settlement check within the next several days. In addition, as you filed a letter with the Court in which you stated that you would like to "get out" of the settlement, we were not sure how to proceed with the settlement until the Court's recent ruling that the agreement was final. Now that the issue concerning the finality of the settlement has been resolved, we can continue to process your settlement check.

    I apologize for any inconvenience that this may have caused. The Defendant intends to comply with the terms of the settlement agreement as soon as possible so that this matter may be fully resolved. Thank you for your attention to this matter.

    Thank you for your attention to this matter.

                            Very truly yours,

                            *Kathleen A. Pennini*

                            Kathleen A. Pennini

cc:   Nelson Potter, LPD
F:\LPA\Potter03-11381MLW\ltrs\01.04.07.centeno.check.delay.doc

*(handwritten in right margin: Exhibit C)*