UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUIS A. CENTENO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NELSON POTTER, )<br>)<br>Defendant. ) | C.A. No. 04-11381-MLW |

**OPPOSITION TO PLAINTIFF'S MOTION
TO ENFORCE SETTLEMENT AGREEMENT**

I.   Introduction

On April 6, 2007 the Plaintiff in this terminated matter served the Defendant, Nelson Potter, (hereinafter, "Defendant") with his Motion to Enforce Settlement Agreement. Defendant hereby opposes the Motion and respectfully requests that this Honorable Court deny it for the reasons set forth below.

II.   Argument

A. **The Matter Is Dismissed Pursuant To The Valid Settlement Agreement And Stipulation Of Dismissal And Plaintiff Cites No Valid Grounds For Reopening The Matter Now.**

To the extent that the Plaintiff is attempting to reopen the matter he cannot obtain the relief he seeks. To begin with, as the Plaintiff now freely acknowledges in his Motion to Enforce Settlement Agreement, he signed the Settlement Agreement and Stipulation of Dismissal with Prejudice on or about November 13, 2006. On December 29, 2006, Defendant's counsel received notice from the Court that it properly dismissed Plaintiff's

claim. Consequently, the matter is at an end and Plaintiff's motion provides no valid grounds for reopening the case at this time.

To the extent that Plaintiff now claims that the Defendant's compliance with the lien of the Commonwealth of Massachusetts Department of Revenue Child Enforcement Division voided the settlement agreement, that too must fail. As set forth in the Opposition To Plaintiff's Motion To Compel Pursuant To Rules Of Federal Civil Procedures Rules 37(A)(2) (See Docket #120), on or about January 8, 2007, Defendant's counsel received a Notice of Levy from the Commonwealth of Massachusetts Department of Revenue Child Enforcement Division concerning a child support lien against the Plaintiff. The Defendant must comply with the Notice of Levy. *See* M.G.L. c.119A, §6(b)(7). Pursuant to that Notice of Levy, the settlement funds must be paid directly to the Commonwealth of Massachusetts, and not to the Plaintiff. *Id.*

The Plaintiff cites no provision of the Settlement Agreement that Defendant violated by complying with that lien. Complying with a valid Notice of Levy is certainly not inconsistent with an agreement to keep the terms of the agreement confidential. There is nothing in the agreement itself that prohibited compliance with that lien upon notification by the agency and Plaintiff has cited no provision that would prevent the Defendant from doing so. He has similarly cited no authority to support such a claim. Therefore, to the extent that he now claims that compliance with the lien was a violation of the settlement agreement the motion must be denied.

B. **The Plaintiff Cites No Valid Grounds For Adding Interest To The Amount Of The Settlement Proceeds**

Defendant has complied with the settlement by taking steps to ensure that payment of the full amount due be directed to the Department of Revenue in compliance with the settlement agreement. However, Plaintiff claims that post-judgment interest should be calculated into the judgment because payment was not made as quickly as he would have preferred. Even assuming, *arguendo*, that such an argument is now properly before this Court after the matter was closed, Plaintiff has not demonstrated grounds for adding interest here.

First, as this is a written settlement between the parties, the terms of that agreement control. Here, there is no provision in the agreement to make payment by a date certain. Therefore, Plaintiff's position that he is entitled to void the agreement or receive interest for what he sees as a delay in payment is without any support and the Court should deny the motion for this reason alone.

Likewise, nothing in the written agreement requires that interest be paid on the settlement proceeds. As stated above, Defendant has taken the necessary steps to comply with the lien and the settlement proceeds were directed in a timely fashion to the Department of Revenue. As such, Defendant has complied with the terms of the settlement.

Moreover the amount agreed was in settlement - not a judgment as Plaintiff implies. Therefore, the argument that interest should be added is not supported by 28 U.S.C. §1961 (a) or *Marshall v. Perez-Arzuga*, 866 F.2d 521, 522 (1st Cir.) as claimed by the Plaintiff. Neither of those authorities support the Plaintiff's claim that interest is to be

awarded on the payment of a *settlement* between the parties without the involvement of the Court.[1]

### III. Conclusion

In sum, Plaintiff has cited no grounds to void the settlement and reopen this matter as it was properly dismissed. Moreover, there is no basis whatsoever for the award of interest. For all of the foregoing reasons, Defendant respectfully requests that this Court deny the Plaintiff's motion.

Respectfully submitted,
For the Defendant,
**Nelson Potter,**
By his attorneys,

/s/ Paul M. Facklam, Jr.
Paul M. Facklam, Jr.
B.B.O. # 638190
Matthew E. Dwyer
B.B.O.# 139840
Dwyer, Duddy and Facklam, P.C.
Two Center Plaza, Suite 430
Boston, MA  02108
(617) 723-9777

Date: April 20, 2007

---

[1] Even if this were a Court-approved settlement interest is not appropriate. "[S]ection 1961 was not intended to apply and will not be interpreted to extend to court-approved settlement agreements. *Kincade v. General Tire and Rubber Co.*, 540 F.Supp. 115, 121 (W.D. Tex. 1982), *reversed on other grounds* 716 F.2d 319.

4

## CERTIFICATE OF SERVICE

I, Paul M. Facklam, Jr., hereby certify that I have served a true and accurate copy of the foregoing document, via first class mail, on April 20, 2007, upon:

Luis A. Centeno #W-84630
430 Canterbury Street
Roslindale, MA  02131

/s/ Paul M. Facklam, Jr.
Paul M. Facklam, Jr.

F:\LPA\Potter0311381MLW\pldgs\opp.mot.enforce.settlement.doc