```
LUIS A. CENTENO,                    )
      Plaintiff,                    )
                                    )
                                    )
      v.                            )    C.A. No. 04-11381-MLW
                                    )
NELSON POTTER,                      )
      Defendants.                   )
                                    )
                                    )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                              June 5, 2007

    Pro se plaintiff Luis Centeno has filed Motions to Compel and to Enforce Settlement Agreement, asking the court to order defendant Nelson Potter to comply with the parties' settlement agreement dated November 13, 2006 and provide plaintiff remuneration in the amount of $5,000, with interest. Defendant opposes the motions, arguing, among other things, that it must comply with a Notice of Levy concerning a child support lien against plaintiff from the Commonwealth of Massachusetts Department of Revenue Child Enforcement Division (the "Department") and that the settlement agreement is not a "money judgment" as used in 28 U.S.C. §1961. As explained below, plaintiff's motions are being denied.

    Section 6 of Chapter 119A of the Massachusetts General Laws provides the procedures for collection of for accrued arrearages in Massachusetts child support cases. M.G.L. c. 119A, §6(b)(7) states that:

1

> [u]pon demand by the [Department], a person who fails or refuses to surrender property subject to levy pursuant to this section shall be liable in his own person and estate to the commonwealth in a sum equal to the value of the property not so surrendered but not exceeding the amount of the lien, together with costs and interest at the rate established by section thirty-two of chapter sixty-two C from the date of the levy. In addition, any person required to surrender property who fails or refuses to surrender such property without reasonable cause shall be liable for a penalty equal to twenty-five percent of the amount recoverable. The interest or penalty incurred under this subparagraph shall be paid to the commonwealth and shall not be credited against the child support liability.

The parties received notice as to the dismissal of plaintiff's case pursuant to the settlement agreement on December 29, 2006. Defendant then received a notice from the Department regarding plaintiff's arrearages in the amount of $16,313.63 on or about January 8, 2007. Massachusetts law requires that the defendant comply with the Department's lien. Moreover, withholding the settlement check does not violate any provision of the settlement agreement.

Plaintiff also seeks interest on the settlement amount, arguing that he should have received the check within 14 days of the settlement. However, the agreement does not contain any language setting a deadline. Moreover, nothing in the written agreement requires that interest be paid on the settlement proceeds. In addition, the amount agreed to was in a settlement, not a judgment of the court, as implied by plaintiff. Therefore, the post-judgment interest provisions of 28 U.S.C. §1961(a) do not apply. See Akinseye v. District of Columbia, 339 F.3d 970, 972

2

(D.C. Cir. 2003); Kincade v General Tire & Rubber Co., (W.D. Tx. 1982) 540 F. Supp. 115, 120 revd. on other grounds 716 F.2d 319 (5th Cir. 1983). Plaintiff's reliance on Marshall v. Perez-Arzuga, 866 F.2d 521, 522 (1st Cir. 1989), therefore, is inapposite.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's Motion to Compel (Docket No. 119) is DENIED.
2. Plaintiff's Motion to Enforce (Docket No. 121) is DENIED.

                                                /s/    MARK L. WOLF
                                                UNITED STATES DISTRICT JUDGE